IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLIFFORD COLLIER, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | NO. 5:12-CV-380 (MTT) |
| : | |
| SHEILA OUBRE, Warden, : | |
| : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. : | Before the U.S. Magistrate Judge |
| _____ : | |

## RECOMMENDATION

Respondent Warden Sheila Oubre has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 9. Because Petitioner Clifford Collier failed to file his petition within the one-year period of limitations and because he has failed to present any evidence that he is entitled equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

PROCEDURAL HISTORY

On September 16, 2003, a Bibb County Grand Jury returned a seven-count indictment against Petitioner Clifford Collier charging him with four counts of armed robbery, two counts of possession of a firearm by a convicted felon, and one count of kidnapping. Doc. 11-1 at 1-4. Following discovery and plea negotiations, Petitioner agreed to plead guilty but mentally ill to one count of armed robbery and one count of the lesser included offense of robbery by intimidation. Id. at 6-7. The remaining counts were *nolle prossed* upon the entry of Petitioner's guilty plea. Id. On October 26, 2004, Petitioner entered his guilty plea. Id. The trial court sentenced petitioner to a total of twenty-five years, with the first fifteen years to serve in

1

confinement and the remaining ten years to serve on probation. Id. at 7-9. Petitioner did not file a direct appeal.

On December 14, 2007, Petitioner filed a state habeas corpus petition. Doc. 11-2. Following an evidentiary hearing, the state habeas court denied Petitioner's state petition on December 7, 2009. Doc. 11-3. It does not appear that Petitioner filed an application for a certificate of probable cause to appeal the state court's decision with the Georgia Supreme Court. On September 18, 2012, Petitioner filed his federal habeas corpus petition. Doc. 1. On December 31, 2012, Responded filed the instant motion to dismiss. Doc. 9.

## DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. Because Petitioner did not submit his petition within one year of his conviction becoming final and because he has failed to show that he is entitled to equitable tolling, Petitioner's federal habeas petition must be dismissed as time-barred.

### The AEDPA Statute of Limitations

Pursuant to the AEDPA, an individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Finality of judgment pursuant to Section 2244(d)(1)(A) consists of two prongs, and each prong relates to a distinct category of petitioners. Gonzalez v. Thaler, 312 S.Ct. 641, 653 (2012). For a petitioner who pursues direct review all the way to the United States Supreme Court, his judgment becomes final at the "conclusion of direct review" when the United States Supreme

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

Court affirms the conviction on the merits or denies a petition for certiorari. Id. For a petitioner who does not pursue direct review all the way to the United States Supreme Court, his judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for pursing direct review expires. Id. at 653-54. See also Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006).

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his federal petition within a year of his conviction becoming final. Because Petitioner did not pursue direct review all the way to the United States Supreme Court, his conviction became final when his time to seek direct review expired. As Petitioner did not appeal his conviction or sentence, his time to seek direct review expired thirty days after he entered his guilty plea. See O.C.G.A. 5-6-38 (a notice of appeal must be filed within thirty days). Petitioner's conviction therefore became final on November 26, 2004. Petitioner then waited over three years to file his state habeas petition on December 14, 2007. Because over a year had passed after his conviction became final before Petitioner filed his state habeas petition, there was no time left to be tolled by the filing of his state petition. See Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012). Petitioner therefore failed to file his federal habeas petition within the AEDPA's one-year limitation period.

Equitable Tolling

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period.  Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

In this case, Petitioner has failed to allege that he is entitled to equitable tolling.  Mental incapacity may justify equitable tolling. Lawrence v. Florida, 421 F. 3d 1221, 1227 (11th Cir. 2005), affirmed, 549 U.S. 327. To justify equitable tolling based on mental incapacity, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Id. at 1226-27. A petitioner alleging mental incapacity maintains the burden of showing that he diligently pursued his rights. See Doe v. United States, 469 Fed. Appx. 789, 800-01 (11th Cir. 2012); Myers v. Allen, 420 Fed. Appx. 924, 927-28 (11th Cir. 2011). Although Petitioner's guilty but mentally ill plea suggests that Petitioner suffers from mental illness, Petitioner has failed to show how his mental illness prevented the timely filing of his federal petition. Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling.

CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** and the instant Section 2254 petition be **DISMISSED.**

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge